NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN NASH,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF KEARNY; TOWN OF KEARNY POLICE DEPT.; KEARY POLICE CHIEF JOHN DOWIE, in his official and legal capacity as Police Chief; JOHN DOWIE, individually; and JOHN DOES 1-10,<br><br>    Defendants. | Civ. No. 2:13-4378 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Defendants John Dowie, Town of Kearny, and Town of Kearny Police Department filed this unopposed Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the Motion is **GRANTED**.

**I.    BACKGROUND**

In this case, Plaintiff Steven Nash alleges that the Town of Kearny illegally barred him from performing paid work as a referee/umpire for little league sports. After over twenty years of participating in Kearny's recreational sports programs, Kearny's Chief of Police John Dowie informed Nash that he could no longer umpire because of his criminal record.

1

In 2002, Kearny implemented a policy requiring all coaches/volunteers participating in recreation activities with children to complete an application form and authorize a background check. The application asked applicants to answer questions about their criminal history and driving records. Kearny sent the results of the background checks to Chief of Police Dowie, who would send a letter to the Town's Business Administrator setting forth his recommendation concerning the applicant.

On July 30, 2008, Nash signed a form entitled "Request for Criminal History Record Information for a NonCrimnal Justice Purpose" permitting the Town of Kearny to obtain his criminal records. On September 3, 2008, Chief Dowie wrote a letter to the Business Administrator recommending that Nash's application be denied. Specifically, Dowie noted:

- Mr. Nash currently has unresolved criminal issues pending in 2-jurisdictions and is due in court . . . on 9/16/08.

- In the 10-years that Mr. Nash resided in Brick Township, N.J., he had documented contact with the police department 22-times, many for arrests.

- Mr. Nash has 267-entries on his DMV printout, his license is currently suspended and he bounced checks to DMV as recently as 5/18/08.

- Of the 5-indictable crimes listed on his criminal history from 5-different jurisdictions, he has sustained 3-felony convictions and 2-more outstanding.

- Given the types of crimes he has been convicted of and has pending coupled with his constant contempt of process, he is hardly a role model.

- In 2-separate jurisdictions, he is accused of stealing funds or obtaining personal benefit from youth recreational or sporting organizations.

- To underscore my point regarding his contempt, the last arrest of him by the [Kearny Police Department] (6/18/07) was for 4-outstanding warrants from 3-municipalities.

- I fail to see where Mr. Nash has made himself a viable candidate for any coach or volunteer position since his last review.

Other documents in the record demonstrate that most of Nash's prior criminal record involves thefts and the writing of bad checks.  Nash was not placed on a list of approved coaches in 2010 and 2011, nevertheless, he continued to work as an umpire and referee because his cousin, Ralph Cattafi, a Recreation Department employee, permitted him to do so.  Cattafi was later disciplined for this.

In 2012, Kearny issued an ordinance ("Ordinance 2012-32") barring people convicted of theft and certain other crimes from working as volunteers or employees for the Recreation Department.

The Plaintiff's name did not appear on a Volunteer Coaches list, and he was aware that he was "not approved," but the Plaintiff acted as an umpire for the Town of Kearny Recreation Department in 2011.  The Plaintiff alleges that he was the only individual who had a background check performed by the Town of Kearny Recreation Department and that he was also the only individual who was denied the opportunity to umpire because of criminal convictions.  The Plaintiff identified five individuals who allegedly 1.) worked for the Recreation Department and 2.) told him that they had criminal convictions.  However, Nash did not know the specifics regarding the alleged convictions because he never asked the individuals for that information.

Plaintiff filed a five-count Complaint alleging that Ordinance 2012-32 was specifically passed to bar him from being an umpire.  He alleges that no other employee was asked to submit to a background check and that other people with past convictions continued to work as umpires and referees.  The Five Counts of the Complaint are:

**COUNT 1:** Violation of New Jersey Rehabilitated Convicted Offenders Act, N.J.S.A. 2A:168A-1 (RCOA)

**COUNT 2:** Unauthorized Criminal Background Check (Violation of N.J.A.C. 13:59-1.2(a)(2))

**COUNT 3:** "Discrimination"

**COUNT 4:** Violation of Procedural Due Process

**COUNT 5:** Violation of New Jersey Constitution Liberty Interest

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## III.   DISCUSSION

Plaintiff did not oppose this motion for summary judgment. Defendants make the following persuasive arguments for dismissal of each of the Complaint's five counts.

### A. RCOA

The New Jersey RCOA forbids licensing authorities from denying an applicant a professional license due to a prior conviction. *See* N.J.S.A. 2A:168A-2. The RCOA provides Plaintiff no remedy in this case because he was only seeking permission to perform a job, not the issuance of a professional license.

### B. Unauthorized Background Search

Count 2 will be dismissed because there is undisputed evidence that Plaintiff did sign a form dated July 30, 2008, which was called "Request for Criminal History

Record Information for a NonCrimnal Justice Purpose." The form authorized the Town of Kearny to obtain his criminal records.

### C. Discrimination

Plaintiff does not allege that he was a member of a class protected under the New Jersey Law Against Discrimination because there is no protected class status for convicted felons. N.J.S.A. 10:5-12. However, Plaintiff alleges what could be construed as "class of one" discrimination under the Equal Protection Clause of the Fourteenth Amendment because Defendants intentionally treated him differently than others similarly-situated without any rational basis. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In this case, the Complaint alleges that other applicants were not subjected to a background check, and other convicted felons were not barred from working for the Recreation Department. However, Plaintiff never produced any evidence to support this contention.

### D. Procedural Due Process

In Count Four, Plaintiff alleges that Defendants violated his procedural due process rights because Ordinance 2012-32 does not provide for an appellate process. The United States Supreme Court has held that "the requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). There is no property interest in continued public employment unless a claimant can demonstrate "a legitimate claim of entitlement to it." *Dungan v. Slater*, 252 F.3d 670, 676 (3d Cir. 2001). The Plaintiff must have more than a "unilateral expectation" of continued employment to prove the entitlement. *Latessa v. New Jersey Racing Comm'n*, 113 F.3d 1313, 1318 (3d Cir. 1997). Plaintiff has no evidence that he was entitled to a referee or umpire position.

### E. New Jersey Constitutional Liberty Interest

Under the New Jersey Constitution, Article 1, "All persons . . . have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness." In defining those substantive rights that are fundamental under Article I, New Jersey courts refer to the general standard followed by the United States Supreme Court in construing the Due Process Clause

of the Fourteenth Amendment.  *See Greenberg v. Kimmelman*, 99 N.J. 552 (1985). The United States Supreme Court looks to "the traditions and (collective) conscience of our people to determine whether a principle is so rooted (there) as to be ranked as fundamental."  *Griswold v. Connecticut*, 381 U.S.479, 493 (1965).

Plaintiff alleges in the Complaint, without citing any supporting case law, that he has a fundamental interest in working and earning income.  Even if that were true, the Defendants have not deprived him of that right.  He can work and earn income anywhere he can get hired, but it will not be with the Kearny Recreation Department.

## IV.   CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment is **GRANTED**.  An appropriate order follows.


/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 4, 2015**